EUGENE SHERK, as Receiver of the Property of EUGENE P. CATENA, Respondent, v. LUCILLE CATENA, EUGENE P. CATENA and SOL L. YOUNGENTOB, Appellants, and Others, Defendants.— Judgment reversed upon the law and the facts and a new trial granted, costs to abide the event, upon the ground that the judgment holding the title to the premises in question to have been vested in Eugene P. Catena by virtue of the deed from his wife to him is against the weight of the credible evidence. The title in her, irrespective of whoever paid the con-

sideration, was hers absolutely, and no equitable ownership of the husband therein arose either as matter of law or of fact. Nor did the legal title vest in him by the deed the purpose of which, the credible evidence shows, was to enable him to act as his wife's agent or representative in the sale of the property. No good reason is presented why a contrary view should be held, as at that time the foundation of this suit, the Wilson claim, had not existed, much less suit brought. As to the moneys turned over to the attorney out of the Millfield Realty Company's down payment, that can properly be taken care of on the new trial, and we express no present opinion on the merits on the attorney's claim to this money for services rendered to the defendants Catena. Findings of fact numbered 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 21, 22, 23, 25, 26 and 27 and all conclusions of law are reversed. Lazansky, P. J., Young, Kapper and Carswell, JJ., concur; Hagarty, J., dissents, with the following memorandum: The defendant wife, Lucille, conveyed the property to the defendant husband, Eugene. Subsequently he brought an action for specific performance of a contract to sell, made by him with the Millfield Realty Company. The proof is that in that action he swore he was the owner of the property, and concededly he has never reconveyed to his wife.